IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0036-D |
| | § | |
| DRONEUP TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In *Garcia v. DroneUp Texas, LLC (Garcia I)*, 2026 WL 2445073 (N.D. Tex. Aug. 20, 2026) (Fitzwater, J.), the court largely granted the motion for summary judgment filed by defendant DroneUp Texas, LLC ("DroneUp") concerning plaintiff Adrian Garcia's ("Garcia's") claims for race and national origin discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. To the extent that the court did not grant DroneUp's motion, it raised *sua sponte* two grounds for granting summary judgment as to Garcia's remaining discrimination and failure-to-promote claims. For the reasons explained, having considered Garcia's response brief and DroneUp's reply brief, the court concludes that Garcia should be permitted to file a final surreply brief that addresses DroneUp's most recent reply brief.

I

The background facts and procedural history of this case are set out at length in *Garcia I* and need not be repeated. *See Garcia I*, 2026 WL 2445073, at *1-2. In pertinent

part, the court raised *sua sponte* that DroneUp was entitled to summary judgment on Garcia's Title VII and § 1981 claims arising out of the following alleged adverse employment actions: (1) the denial of enterprise training, (2) the imposition of retraining, (3) the "not in standard designation," and (4) the denial of promotions and promotion interviews. *See id.* at *6. The court did so on two grounds. First, the court raised *sua sponte* that Garcia had failed to "identify at least one coworker outside of his protected class who was treated more favorably 'under nearly identical circumstances.'" *Id.* (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017)). Second, the court raised that, even if Garcia had established a *prima facie* case, a reasonable juror could not find, based on the summary judgment evidence, that the reasons that DroneUp proffered were pretextual or motivated by Garcia's race or national origin.

II

In Garcia's response to *Garcia I*, he contends that DroneUp cannot satisfy its burden of production under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because DroneUp first addressed these four adverse employment actions in its first reply brief. The court disagrees. Although it is true that, generally speaking, "seeking summary judgment on a ground not raised in the motion but instead raised for the first time in a reply is impermissible," *State Farm Fire & Cas. v. Whirlpool Corp.*, 2012 WL 2422922, at *2 (N.D. Tex. June 27, 2012) (Fitzwater, C.J.) (quoting *Mendez v. Caterpillar, Inc.*, 2012 WL 90492, at *5 (W.D. Tex. Jan.11, 2012)), that rule is not applied with equal force when the court raises an issue *sua sponte* and gives the responding party (often the plaintiff) a full and fair

opportunity to respond.[1]

The court recognizes that, in the context of this case and the burden-shifting paradigm of *McDonnell Douglas*, applying the exception triggers a procedural complexity. As Garcia notes, once a *prima facie* case is shown, the employer must "clearly set forth" its nondiscriminatory reasons for the alleged adverse employment actions such that the plaintiff has a "full and fair opportunity to demonstrate pretext." *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255-56 (1981).[2] In its first reply brief, DroneUp has clearly articulated its nondiscriminatory reason for imposing retraining, which the court points out above may be considered in the procedural posture of this case as it now stands. *See* D. Reply (ECF No. 31) at 19 n.9 ("Plaintiff cannot overcome DroneUp's legitimate nondiscriminatory reason for his retraining—his bad evaluation."). But in its first reply brief, it is unclear whether DroneUp clearly articulates nondiscriminatory reasons for the remaining adverse employment actions.

In DroneUp's second reply brief, however, it "clearly set[s] forth" its nondiscriminatory reasons for each of Garcia's alleged adverse employment actions. *Burdine*, 450 U.S. at 255. In so doing, DroneUp explains that "independent of [its] [first] reply brief, the summary judgment record still establishes a legitimate, nondiscriminatory

[1]Moreover, the court expressly pointed to DroneUp's first reply brief in discussing the issues it raised *sua sponte*. *See Garcia I*, 2026 WL 2445073, at *6 n.8.

[2]The court expresses no view on whether, at present, Garcia has made a *prima facie* showing for any adverse employment action.

reason for each of the four actions." D. Reply (ECF No. 35) at 6. The court agrees that evidence in the record supports DroneUp's proffered reasons.[3] And the Supreme Court has explained that "[t]he reasons the defendant sets forth are set forth 'through the introduction of admissible evidence.'" *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 523 (1993) (quoting *Burdine*, 450 U.S. at 255). "In other words, the defendant's 'articulated reasons' *themselves* are to be found 'lurking in the record.'" *Id.* In sum, on the one hand, the court finds that evidence supporting DroneUp's articulated reasons is in the record. On the other hand, it is unclear whether, prior to DroneUp's second reply brief, these reasons had been articulated in a manner that afforded Garcia a "full and fair opportunity to demonstrate pretext." *Burdine*, 450 U.S. at 256.

In its discretion, to ensure procedural fairness, the court concludes that Garcia should be permitted to file a final surreply brief in response to DroneUp's most recent reply brief.[4] Within 21 days of the date this memorandum opinion and order is filed, Garcia may file a final surreply brief and evidence appendix that address why the court should not grant summary judgment on grounds that it raised *sua sponte* in § III(D) of *Garcia I*. After considering the final surreply brief, the court will either invite DroneUp to file a final reply

---

[3]The court does not reach a holding as to whether the evidence is sufficient.

[4]The court is generally reticent to impose requirements that result in delay and increased costs. In this case, however, the additional briefing is warranted for the reasons explained.

brief or proceed to consider the merits of the remaining claims.

**SO ORDERED**.

November 25, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE